NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000130**
**16-MAY-2017**
**08:10 AM**

NO. CAAP-16-0000130

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
ALVERNA ROBERTSON, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-1353)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant the State of Hawai'i (the **State**) appeals from the Findings of Fact, Conclusions of Law, and Order Granting Motion to Dismiss Felony Information as a Matter of Law, entered on February 3, 2016 (**Dismissal Order**), by the Circuit Court of the First Circuit (**Circuit Court**).[1]

The State raises a single point of error on appeal, contending that the Circuit Court abused its discretion in entering the Dismissal Order. The primary issue raised – whether a trespass warning previously issued pursuant to Hawaii Revised Statutes (**HRS**) § 708-814(1)(b) (2014) may be used as an

_____

[1] The Honorable Rom A. Trader presided.

underlying basis for a charge of Burglary in the Second Degree – is indistinguishable from the issue decided in State v. King, 139 Hawaiʻi 249, 386 P.3d 886 (2016). In King, the supreme court held that the violation of a trespass warning "issued pursuant to HRS § 708-814(1)(b) is not a 'defiance of a lawful order' under HRS § 708-800," and therefore, the violation of a trespass warning "cannot be made a vehicle for a second-degree burglary charge under HRS § 708-811." King, 139 Hawaiʻi at 257, 386 P.3d at 894 (brackets omitted). To the extent that the Circuit Court dismissed the second-degree burglary charge against Defendant-Appellee Alverna Robertson (**Robertson**) because it was based on a trespass warning, the Circuit Court was right.

In this case, however, the State further argued below, and argues on appeal, that the Circuit Court abused its discretion in entering the Dismissal Order because Robertson entered an area of the hotel that was closed to the public. HRS § 708-811 (2014) provides:

> **§ 708-811 Burglary in the second degree.** (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.
>
> (2) Burglary in the second degree is a class C felony.

"Enter or remain unlawfully" is defined in HRS § 708-800 (2014) as follows:

> "Enter or remain unlawfully" means to enter or remain in or upon premises when the person is not licensed, invited, or otherwise privileged to do so. A person who, regardless of the person's intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless the person defies a lawful order not to enter or remain, personally communicated to the person by the owner of the premises or some other authorized person. A license or privilege to enter or remain in a building which is only partly open to the public

2

is not a license or privilege to enter or remain in that part of the building which is not open to the public.

(Emphasis added.)

Here, the Circuit Court found that, for the purposes of Robertson's motion to dismiss, Robertson conceded to the facts as contained in the exhibit to the Felony Information. Although not addressed by the Circuit Court, these alleged facts indicate that Robertson entered the housekeeping storage room of the subject hotel and placed hair dryers and soap into a bag. The Dismissal Order contains no findings or conclusions concerning whether there was probable cause to show that Robertson went into a part of the hotel that was not open to the public and committed a theft therein, as it only addressed the issue of a second-degree burglary charge that was based on a prior trespass warning. Accordingly, further findings and conclusions are necessary for us to properly review the dismissal of the Felony Information.

Therefore, the Circuit Court's February 3, 2016 Dismissal Order is vacated and remanded for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, May 16, 2017.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3